# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:19-cr-00099 |
| | ) | |
| TIMOTHY WISEMAN | ) | |

## MEMORANDUM OPINION AND ORDER

Timothy Wiseman is scheduled to be sentenced on July 10, 2020, for possessing with intent to distribute fentanyl, and possessing a firearm in furtherance of a drug trafficking crime. If his Rule 11(c)(1)(C) Plea Agreement is accepted by the Court, Wiseman will be sentenced to 144 months imprisonment. Nonetheless, he has filed a "Motion for Release" (Doc. No. 30) from the Grayson County Detention Center where he is presently being housed pending sentencing. As grounds, he claims that his medical condition and history places him at greater risk of a poor outcome should he have the misfortune of contracting COVID-19.

Where, as here, a defendant has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is required by the Controlled Substances Act, that defendant is subject to mandatory detention pursuant to 18 U.S.C. § 3143(a)(2). Even so, "[a] defendant subject to detention under § 3143(a)(2) may be released if it is 'clearly shown,' among other things, that there are 'exceptional reasons' why his detention is inappropriate. 18 U.S.C. § 3145(c)." United States v. Christman, 596 F.3d 870 (6th Cir. 2010). The "among other things" mentioned by the Sixth Circuit in Christman include "clear and convincing evidence that the defendant is neither a risk of flight, nor a danger to himself or the community." 18 U.S.C. § 3142(a)(2).

The Government asserts Wiseman is ineligible for release because Magistrate Judge Newbern has already found him to pose a danger to the community based on his lengthy criminal history, his

participation in criminal activities while on probation or parole or under supervision, and his prior violations of the terms of his release. (Doc.. No. 12 at 2-3). In other words, according to the Government, Wiseman is not eligible for release because the lack of danger to the community is a "statutory prerequisite" to consideration of the "exceptional circumstances" mentioned in Section 3145(c). (Doc. No. 32 at 4-5).

Wiseman contends the Government misreads the statutes. He writes:

> Mr. Wiseman does not dispute that for him to be released this Court must "find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a). Mr. Wiseman also does not dispute that to be released it must be "clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Mr. Wiseman does dispute that the § 3143(a) showing must be a prerequisite to the § 3145(c) consideration.

(Doc. No. 33 at 3) (emphasis in original).

If the Government is incorrect in its reading of the interplay between Sections 3142, 3143 and 3145, it is certainly not alone. Contrary to Wiseman's assertion that there is "no authority" for the Government's position (Doc. No. 33 at 1), many decisions suggest otherwise, by indicating that the question of "exceptional circumstances" arises only after the lack of a risk of flight and dangerousness factors have been met. See e.g., United States v. Roeder, No. 20-1682, 2020 WL 1545872, at *2 (3d Cir. Apr. 1, 2020) ("If there has been a finding by clear and convincing evidence that 'the person is not likely to flee or pose a danger to the safety of any other person or the community if released,' see 18 U.S.C. § 3143(a), we may grant relief 'if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.'"); United States v. Velarde, 555 F. App'x 840, 841 (10th Cir. 2014) (emphasis in original) ("That leaves the provision in 18 U.S.C. § 3145(c) permitting release if (1) it is shown by clear and convincing evidence that the

2

defendant is neither a flight risk nor a danger to the community *and* (2) 'clearly shown that there are exceptional reasons why such person's detention would not be appropriate.'"); United States v. Ferry, No. CR 18-00930 MV, 2020 WL 2198118, at *2 (D.N.M. May 6, 2020) ("The Court first finds that, although it has the authority to release Ms. Ferry pursuant to 18 U.S.C. § 3145(c) notwithstanding the "mandatory detention" provision of 18 U.S.C. § 3143(a)(2), it may do so only if Ms. Ferry demonstrates by clear and convincing evidence that she is not a flight risk or a danger to the community[.]").

Regardless, and even accepting the premise that "exceptional circumstances" can eviscerate a previous finding of dangerousness, the Court is unconvinced that Wiseman should be released pending sentencing. As previously noted, Magistrate Judge Newbern found by clear and convincing evidence that Wiseman presented a danger to the community were he to be released. His subsequent convictions for possessing with intent to distribute fentanyl and using a firearm in furtherance of a drug trafficking offense with the prospect of a 12 year agreed-upon sentence certainly does not change that.

What has changed is that the world is in the midst of a global pandemic as a result of COVID-19. According to medical records that have been supplied to the Court, Wiseman's spleen was removed after he was shot multiple times in an incident in 2010. As a result, Wiseman argues that he "is in that group of immunocompromised individuals that the CDC has noted is in greater risk of a sever, or mortal impact from the coronavirus." (Doc. No. 33 at 33). Therefore, Wiseman submits, he has "powerful reasons to abide by conditions of release," and, "[a]s further incentive" to behave, his plea agreement "contains a provision that says if he engages in additional criminal activity prior to sentencing that could void the agreement" and "lead to a higher sentence." (Id. at

5).

Wiseman's underlying premise that he would not present a danger were he released because he is more susceptible than others to the coronavirus is a non-sequitur. Moreover, it would require quite a leap for the Court to assume that because Wiseman is at-risk during the present pandemic he will suddenly become law-abiding and follow the conditions of release. The Court is not willing to take that leap based on Wiseman's (or more accurately counsel's) mere say-so. See, United States v. Gumora, No. 20-CR-144 (VSB), 2020 WL 1862361, at *11 (S.D.N.Y. Apr. 14, 2020) (observing that defendant's "history demonstrates that he has virtually no impulse control, and reliance on his word that this time it will be different is not sufficient to outweigh the reasons for his detention"); United States v. Champion, No. CR 19-41-M-DLC, 2020 WL 1820488, at *2 (D. Mont. Apr. 10, 2020) (stating that prior finding of dangerousness "is entitled to even greater weight today, in light of the limitations on pretrial services under COVID-19 mandated protocols").

Furthermore, "[a]lthough there is no set formula for determining when a release from presentence detention may be warranted based on the risks from COVID-19, . . . [a] court considering a detained individual's request for release based on the COVID-19 pandemic may consider (1) whether the petitioner has been diagnosed with COVID-19 or is experiencing symptoms consistent with the disease; (2) whether the petitioner is among the group of individuals that is at higher risk of contracting COVID-19 based on age, preexisting medical condition, or some other specific reason; (3) whether the petitioner has been directly exposed to COVID-19; (4) the physical space in which the petitioner is detained, and how that physical space affects his risk of contracting COVID-19; (5) the efforts that the prison has made to prevent or mitigate the harm caused by COVID-19; and (6) any other relevant factors." United States v. Ortiz, No. 1:18-CR-00134, 2020

4

Case 3:19-cr-00099   Document 34   Filed 05/14/20   Page 4 of 7 PageID #: 113

WL 1904478, at *6 (M.D. Pa. Apr. 17, 2020). Other courts have identified the following factors: "(1) the original grounds for the defendant's pre-trial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." United States v. Young, No. 2:18-CR-21-2-TLS-APR, 2020 WL 2092837, at *3 (N.D. Ind. Apr. 30, 2020) (collecting cases).

Here, regardless of the factors employed, Wiseman has not shown that his release is appropriate based merely on his health condition and the existence of the present pandemic. Under both sets of factors, the risk of contracting and/or spreading COVID-19 must be taken into account.

In his initial brief, Wiseman overviews the problems that COVID-19 can present in a prison setting, and provides anecdotal evidence from China about the rapid spread of the virus in its prisons, and from Iran about its need to furlough thousands of prisoners in an effort to slow the spread of the virus in its facilities. (Doc. No. 30 at 4-6). In his reply brief, Wiseman provides an update on the number of confirmed cases of coronavirus and the number of deaths due to the virus, both worldwide and in the United States. (Doc. No. 33 at 5). Conspicuously absent from either of those filings, however, is any mention of COVID-19 at the Grayson County Detention Facility.

According to daily statistics from the United States Marshal's Service that are provided to this Court, the United States Attorney's Office, and the Federal Defender's Office, as of May 12, 2020, there were no federal prisoners housed in locals jail that are known presently to have COVID-19. Furthermore, there were no confirmed cases of the coronavirus at the Grayson County Detention Center.

"The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the

extremely serious health risks it presents," United States v. Clark, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020), and, this Court is not so naive as to think that the Grayson County Detention Center will never be invaded by COVID-19, or that the federal inmates in this district are somehow generally immune from that illness. At best, this district and the facilities its utilizes have been extremely fortunate. The sole point in making this observation is to show that the Court cannot find that Wiseman would be better off outside of prison, even ignoring that he has wholly failed to present anything to overcome Magistrate Judge Newbern's finding that he presents a danger to the community. Under his proposed plan for release (Doc. No. 30-3), Wiseman intends to work construction, and reside in a friend's home, along with three children. The Court simply cannot say that the respective risks of contracting or passing on the illness is less were Wiseman allowed to live where he wants for the next two months. See, United States v. Mayhams, 3:19-CR-0160, 2020 WL 2342635, at *3 (M.D. Pa. May 11, 2020) (stating that, even considering defendant's health concerns, "a defendant should not be entitled to release based solely on generalized COVID-19 fears and speculation"); United States v. Leathers, No. 2:19-CR-633 (WJM), 2020 WL 2219853, at *2 (D.N.J. May 7, 2020) ("The court acknowledges Defendant's concerns during these trying times, but the fear of a COVID-19 outbreak at his facility is not 'unique' given that virtually any person confined at a' jail or prison would have the same concerns."); United States v. Cornish, No. 20-cr-3-GFVT-MAS, ⸺ F. Supp. 3d ⸺, 2020 WL 1498841, at *5 (E.D. Ky. Mar. 30, 2020) (finding that because COVID-19 is prevalent in the community at large, any difference in health risks to detained population was minimal).

In many respects, the facts in this case are similar to those presented in United States v. Brown, No. 08CR20115JARTJJ01, 2020 WL 1536544 (D. Kan. Mar. 31, 2020), that was decided

in the context of Section 3142(i), which allows for release for "compelling reasons." There, like here, defendant sought release based on COVID-19 because he had lost his spleen as a result of a shooting. There, like here, defendant had previously been determined to be a danger to the community. There, like here, defendant "cite[d] the number of persons infected worldwide and in the United States with the new strain of coronavirus that causes COVID-19, as well as the number of deaths resulting from the virus worldwide and in the United States" as supporting release. Id. at 2. There, like here, there were no known cases of COVID-19 at the facility where defendant was being held. And there, like here, the court denied release because, among other things, (1) "[i]t would be mere speculation to attempt to predict whether Defendant would be safer in terms of his overall COVID-19 risks in custody at the [jail] or temporarily released to in-home detention (presuming he would stay there)"; (2) there was no guarantee that "Defendant would remain at home while on temporary release"; and (3) "if released on home detention, he would therefore likely be exposed to COVID-19 in the general population, placing him at greater risk than at the [jail] where there are at this time no reported cases of COVID-19." Id. at 5.

Accordingly, Wiseman's Motion for Release (Doc. No. 30) is hereby **DENIED.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE